**KYAW LIN HTIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

Nos. 04–5263–ag, 05–0368–ag.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Robert Clarke Corrente, United States Attorney for the District of Rhode Island, Adi Goldstein, Assistant United States Attorney, Providence, RI, for Respondent.

Present: CHESTER J. STRAUB, SONIA SOTOMAYOR, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of June, two thousand and six.

UPON DUE CONSIDERATION of these petitions for review of two decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the consolidated petition for review is GRANTED, the BIA's September 2004 order is VACATED, and the case is REMANDED for further proceedings.

Kyaw Lin Htin petitions for review of the September 14, 2004 BIA decision affirming Immigration Judge ("IJ") Joseph Russelburg's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the January 13, 2005 BIA decision denying his motion to reopen. Even though a final order of removal has not been entered against Htin, we have jurisdiction to review an IJ's denial of asylum, withholding of removal, and CAT relief in an "asylum only" proceeding. *Kanacevic v. INS*, 448 F.3d 129, 134–35 (2d Cir.2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review questions of law and the application of legal principles to fact under a *de novo* standard. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, upholding them if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted). "Indeed, we must uphold an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). An adverse credibility determination must be based on "specific, cogent

reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales*, 331 F.3d at 307.

■ Here, the IJ found that Htin's testimony was not credible because certain portions of Htin's testimony were, in the IJ's opinion, implausible. The IJ rejected as inherently implausible Htin's claims that (1) he was beaten for participating in a student demonstration even though he neither belonged formally to any student organization, nor knew any secret or confidential information; (2) he was unable to explain how the officials were able to identify him as participating in the demonstration; (3) he was ultimately released from custody; and (4) he was admitted to college despite the regime's apparent suspicion of him. These findings rest on unsupported assumptions about how Burma's authoritarian military regime operates. Because the IJ did not identify a basis for any of these findings in the record, they are unsustainable. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir.2005).

■ The IJ also found Htin's testimony incredible because the government issued Htin a passport while it was allegedly persecuting him. This finding is unsupported by substantial evidence because Htin—like many Burmese citizens, according to the State Department's country report—resorted to bribery to obtain a passport. *See Secaida–Rosales*, 331 F.3d at 310 (holding that IJ's finding of implausibility relied on flawed reasoning that failed to take account of background materials on country conditions in Guatemala). Finally, the IJ's finding that Htin's testimony and his asylum application were inconsistent regarding whether he was arrested in 2000 is also unsupported by substantial evidence. The IJ ignored the fact that it had accepted Htin's amended affidavit, which corrected the inconsistency, before the hearing.

■ Therefore, the IJ's finding that Htin had not suffered past persecution because he failed to testify credibly is unsupported by substantial evidence. The IJ's finding that Htin did not possess a well-founded fear of future persecution is likewise unsupported because it too is premised upon Htin's lack of credibility. Finally, the IJ erred in summarily dismissing Htin's CAT claim, without addressing the detailed evidence in the record regarding the Burmese government's deplorable human rights record. *See* 8 C.F.R. § 208.16(c)(3) (requiring the IJ to consider "evidence of gross, flagrant or mass violations of human rights within the country of removal" in determining the likelihood of future torture).

Having concluded that the IJ erred in these respects, we must decide, considering the entire record, whether the IJ's adverse credibility finding must be vacated or whether "we can state with confidence that the same decision would be made on remand." *Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006). The errors in the IJ's analysis are sufficiently pervasive that we cannot be confident that the IJ would have reached the same conclusion if he had not so erred. Therefore, remand is required for a reevaluation of Htin's credibility, eligibility for asylum, withholding of removal claim, and CAT relief.

The BIA denied Htin's motion to reopen because "the new facts alleged, when coupled with the facts already of record" satisfied the BIA that it would not have been "worthwhile to develop the issues further at a plenary hearing on reopening." The BIA based this decision, in part, on the fact that the IJ had found Htin's testimony to be incredible. Because remand is in any event required for evaluation of Htin's

claims, we need not decide whether changed circumstances would warrant re-opening. *See Siong v. INS,* 376 F.3d 1030, 1042 (9th Cir.2004) (declining to consider the BIA's denial of a motion to reopen because the petition was being granted and assuming that petitioner would have the opportunity to present new evidence on remand).

For the foregoing reasons, the consolidated petition for review is GRANTED, the BIA's September 14, 2004 order is VACATED, and the case is REMANDED for further proceedings. The pending motion for a stay of removal is DENIED as moot.